UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SARAH LEE,<br><br>                                Plaintiff,<br><br>     v.<br><br>DONG BANG CORPORATION dba DONG BANG GRILL, MI JA KIM, JOHN DOE and JU HI KIM.<br><br>                              Defendants, | Index No. 23-cv-21824<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

    Plaintiff Sarah Lee (collectively "Plaintiff"), by and through her undersigned counsel, as and for her Complaint in this action against Dong Bang Corporation, Mi Ja Kim, John Doe, and Ju Hi Kim, alleges as follows:

## NATURE OF THE ACTION

  1.  This is an action for declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including their discriminatory treatment and harassment of Plaintiff due to her sex or gender and their unlawful retaliation against her after she complained about unlawful discrimination in the workplace in violation of the Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD").

## JURISDICTION AND VENUE

  2.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under

1

Section 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4. Plaintiff is proceeding herein (in part) under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

**Plaintiff Sarah Lee**

5. Plaintiff Sarah Lee ("Lee") is a resident of Bergen County, New Jersey. At all relevant times, Plaintiff is and has been a resident of the State of New Jersey and met the definition of an "employee" under all applicable statutes.

6. Defendants employed Lee as a Server at Dong Bang Grill from around February 15, 2020, until March 17, 2020, and again from around July 17, 2020, and until August 20, 2020. She started working again on April 21, 2021, and last worked for the defendants on April 27, 2022.

**Defendants**

7. Defendant Dong Bang Corporation doing business as Dong Bang Grill ("DBG") is a New Jersey Domestic Corporation with its principal place of business at 1616 Palisades Avenue, Fort Lee, NJ 07024.

8. Defendant DBG is engaged in the Korean BBQ Restaurant in New Jersey. At all relevant times, DBG has met the definition of an "employer" under all applicable statutes.

9. Defendant Mi Ja Kim is an owner of DBG and resides in the State of New Jersey. At all relevant times, Defendants directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff and was a "covered employer" and/or an "aider" or "abettor" under all relevant statutes.

10. Defendant Ju Hi Kim is a manager of DBG and resides in the State of New Jersey. At all relevant times, Defendant directly participated in the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff and was a "covered employer" and/or an "aider" or "abettor" under all relevant statutes.

## FACTUAL ALLEGATIONS

11. Plaintiff is a female and former employee of Dong Bang Corporation.

12. Plaintiff was employed as a server by Dong Bang Corporation from around February 15, 2020, until March 17, 2020, and again from around July 17, 2020, and until August 20, 2020. She started working again on April 21, 2021, and last worked for the defendants on April 27, 2022.

13. During the course of her employment with the Company, Plaintiff's position had responsibility for serving food at the location owned and operated by Defendants.

14. During Plaintiff's employment at Dong Bang Grill, Lee was subjected to sexual harassment while working at Dong Bang Grill.

15. Plaintiff repeatedly suffered systematic discriminatory harassment by Defendants' male coworkers, who would harass Plaintiff by regularly subjecting Plaintiff to inappropriate and offensive comments, touching, and conduct based on sex and/or her gender.

16. Beginning shortly after Lee began working for Defendants, John Doe A and John Doe B, two male employees of Hispanic descent whose real names are unknown to the plaintiff but were referred to as "Madang-Shea" and "Mario" by all workers and the individual defendants, two male workers began sexually harassing Lee at work.

17. John Doe A aka Madang-Shea's sexual harassment of Lee included but was not limited to, overt and frequent flirting and sexual advances, as well as inappropriate touching and physical conduct.

18. For example, on numerous occasions, he puckered his lips, made kissing gestures and noises, and he said "I love you, Sarah" as she walked by him. She screamed and ran away.

19. When Sarah entered the walk-in fridge and requested John Doe A's help with a heavy object, he entered and expressed, "Sarah, I love you, mucho Bonita," extended his lips as if to kiss her, and then embraced her, hindering her escape from the walk-in fridge. She screamed, "Don't do it, you idiot!" and ran away shaking him off.

20. When entering or exiting the locker room on the 3rd floor after work, Spanish male employees were often seen with their underwear on. Sarah was so embarrassed that she covered her eyes and the men laughed as she passed by.

21. John Doe B aka Mario asked Ms. Lee if she had a husband and giggled, saying "I can fuck 9 times a day." At that time, Anthony was next to her and he laughed along with Mario. Ms. Lee was so embarrassed and humiliated and ran away.

22. Often John Doe A hugged Sarah's shoulder in the kitchen and said, "She's my girlfriend" or "She's my wife." The other Hispanic men in the kitchen started laughing. She said, "You are crazy," and walked out.

23. A new sushi man once said to Ms. Lee, "Ms. Can I touch your boobs?" and claimed that other women at a different restaurant had allowed him. Ms. Lee yelled at him "Are you out of your mind?" and walked away. She told her colleague at the restaurant about the incident. Her colleague told her that he asked her the same question.

24. Ms. Lee was embarrassed, humiliated, and very uncomfortable, so she made it clear to John Doe A and B that their sexually charged conduct and advances towards her were unwelcome numerous times and she reported their behavior to the owner Mi Ja and manager Ju Hi, who is Mi Ja's daughter.

25. In June 2021, Ms. Lee requested a meeting with the establishment's proprietors concerning the instances of sexual harassment within the restaurant. Roughly seven servers participated in the meeting. She raised concerns about the sexual harassment perpetrated by individuals John Doe A and B during the conference. Additionally, she conveyed to the defendants that such conduct constitutes a criminal offense, and she will not tolerate it if it continues.

26. At the conference, Ms. Mi Ja Kim remarked, "They are out of mind. What in the world… But Yu Jung appears to be relishing it." In response, Plaintiff countered, "Why would Yu Jung find enjoyment in this?"

27. John Doe A and B refrained from harassing the Plaintiff, but not Yu Jun Lee, for a span of two to three months.

28. However, they eventually resumed their harassment, repeating the situation that existed prior to the conference.

29. Whenever she verbally complained about John Doe's sexual harassment, Mi Ja Kim and Ju Hi Kim always sided with John Doe A and B that they were just being mischievous.

30. Sometimes Defendants insinuated that she was enjoying the Doe's attention.

31. She repeatedly complained to Defendants regarding the sexual harassment and discrimination that she was being subject to at Dong Bang Grill. However, Defendants failed to take any effective remedial measures to stop John Doe A and B's sexual harassment or to otherwise prevent Lee from being subjected to any further harassment at work.

32. Plaintiff felt it was meaningless to continue to report the harassers' harassment because none of Defendants listened to her complaint and took any action.

33. Defendants' aiding and omission to the harassers' sexual harassment made the Plaintiff suffering persistent and intensified.

34. The systematic and pervasive sexual harassment at Dong Bang Grill restaurant continued and Lee continued to be frequently subjected to sexual harassment by the restaurant's male employees until such ongoing harassment was a big factor in Lee quitting her job.

**FIRST CLAIM FOR RELIEF**
**(Retaliation in Violation of Section 1981)**

35. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

36. Defendants have violated Section 1981 by subjecting Plaintiff to retaliation for her protected complaints and opposition to Doe's sexual harassment of Plaintiff, inter alia, giving various hard time to Plaintiff.

37. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income,

compensation and benefits for which she is entitled to an award of monetary damages and other relief.

38. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

39. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## SECOND CAUSE OF ACTION
**(Violation of the New Jersey Law Against Discrimination)**

40. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

41. Defendants have discriminated against Plaintiff in violation of the New Jersey Law Against Discrimination by subjecting her to disparate treatment because of her sexual orientation, by, inter alia, terminating Plaintiff's employment with the Company.

42. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer financial and economic damages as well as severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

43. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of the New Jersey Law Against Discrimination)

44. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

45. Defendants have violated the New Jersey Law Against Discrimination by subjecting Plaintiff to retaliation for her protected complaints and opposition to John Does' discriminatory comments on the basis of race and ethnicity by, inter alia, terminating Plaintiff's employment with the Company.

46. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the New Jersey Law Against Discrimination, Plaintiff has suffered and continues to suffer monetary and/or economic damages as well as suffer severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

47. Defendant's unlawful retaliatory conduct constitutes a willful and wanton violation of the New Jersey Law Against Discrimination, was outrageous and malicious, was intended to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, ent

48. During Plaintiff's employment at Dong Bang Grill, Lee was subjected to sexual harassment while working at Dong Bang Grill.

49. Plaintiff repeatedly suffered systematic sexual harassment by Defendants' male coworker, John Doe who would harass Plaintiff by regularly subjecting Plaintiff to inappropriate and offensive comments and conduct.

50. After Plaintiff repeatedly reported the sexual harassment of her to the Defendants, Defendants started to treat her so badly and retaliated against her.

51. Defendants' aiding and omission of Doe's sexual harassment made Plaintiff suffering persistent and intensified.

52. The systematic and pervasive sexual harassment at Dong Bang Grill restaurant continued and Lee continued to be frequently subjected to sexual harassment by the restaurant's male employees until such ongoing harassment culminated in Lee quitting her job.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

a. Legal and equitable remedies available under Title VII, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial;

b. Legal and equitable remedies available under NJLAD, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages, in amounts to be determined at trial;

c. Costs and expenses of this action, together with reasonable attorneys' fees;

d. Pre-Judgment and post-judgment interest, as provided by law; and

e. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues.

Dated: November 2, 2023

    /s/ Ryan Kim
Ryan J. Kim

Ryan J. Kim, Esq.
Ryan Kim Law, P.C.
222 Bruce Reynolds Blvd. Suite 490
Fort Lee, NJ 07024
ryan@RyanKimLaw.com